### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARLECIA Y. HORAM, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:17-cv-03177 |
| FAY SERVICING, LLC, TRANSUNION, LLC and EQUIFAX INFORMATION SERVICES, LLC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Marlecia Y. Horam ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of Defendants, Fay Servicing, LLC ("Fay"), TransUnion LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq., and for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FCRA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4.   Plaintiff is a consumer and natural person over 18-years-of-age who previously owned and resided at the real property located at 5344 South Michigan Avenue, Unit 3A, Chicago, Illinois 60615 ("subject property").

5.   Defendant Fay is a privately held company with its principal place of business located at 901 South 2nd Street, Suite 201, Springfield, Illinois 62704. Fay operates as a specialty mortgage debt management company whose primary business is the collection of debts owed to others and servicing loans across the country, including the State of Illinois. Fay is a furnisher of credit information to the major credit reporting agencies, including TransUnion and Equifax.

6.   Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

7.   Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

8.  On March 26, 2012, Plaintiff executed a mortgage and note ("subject loan," or "subject debt") in favor of JPMorgan Chase Bank ("Chase"), secured by the subject property.

9.  On February 28, 2013, Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, Case number 13-08016 ("bankruptcy").

10. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Chase, in the amount of $128,946.00, secured by the subject property.

11. On March 1, 2013, because Plaintiff listed Chase as a creditor, the Bankruptcy Noticing Center ("BNC") served Chase with notice of Plaintiff's bankruptcy filing and Plaintiff's Original Plan.

12. Plaintiff's Original Plan proposed to treat Chase's claim as follows:

> "Debtor is surrendering the real property located at 5344 South Michigan Avenue, Unit 3A, Chicago, Illinois to JPMorgan Chase in full satisfaction of its claims."

13. On April 30, 2013, the 341 Meeting of the Creditors was held with the Chapter 13 Trustee. No representatives of Chase appeared at the 341 Meeting of the Creditors.

14. Also on June 4, 2013, the Original Plan was confirmed by the Honorable Jacqueline P. Cox.

15. Plaintiff fully performed her duties and made all payments as was required under the terms of her confirmed Chapter 13 Plan.

16. On November 12, 2014, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the subject loan.

17. On November 14, 2014, the BNC served Chase with the Order of Discharge.

18. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Chase, or any other party.

3

19. Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with Chase, and any of its successors and assigns, including Fay.

20. Nearly 2 years after Plaintiff's Chapter 13 discharge, Fay acquired the servicing rights from Chase on the subject loan after Plaintiff was in default.

21. Upon information and belief, Fay received notice of Plaintiff's bankruptcy filing and subsequent discharge from its predecessor Chase during the loan onboarding process. In the loan onboarding process, Chase transfers all documentation regarding the subject loan to Fay.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX AND TRANSUNION

22. In early 2016, after Plaintiff received her discharge, Plaintiff received a credit monitoring notice that Fay has been added to her Equifax and TransUnion credit file. Plaintiff subsequently pulled her credit reports to make sure Fay was reporting accurately and discovered that Equifax, TransUnion, and Fay were reporting the subject loan with a high monthly payment amount and without an indication of a bankruptcy discharge.

23. The reporting of the subject loan was inaccurate, incomplete, and misleading because the subject loan was discharged in Plaintiff's bankruptcy on November 12, 2014, and thus should not have been reporting a "Scheduled Payment Amount" of greater than $0 but should have been reporting that the subject loan was discharged in Plaintiff's bankruptcy.[1]

---

[1] Pursuant to the Consumer Data Industry Association ("CDIA") guidelines, furnishers of information are required to report a "Scheduled Monthly Payment Amount" of Zero, following completion of a debtor's Chapter 13 Plan. *See* 2015 CDIA Manual; page 6-22.

### a. Plaintiff's Online Dispute To Equifax

24. On October 16, 2016, Plaintiff initiated an online dispute with Equifax requesting it to investigate the reporting of the Fay trade line.[2]

### b. Equifax's Response to Plaintiff's Online Dispute

25. On November 8, 2016, Equifax responded to Plaintiff's online dispute by failing to properly reinvestigate Plaintiff's dispute.

26. The Equifax report revealed that the subject loan was still reporting as follows:

| FAY Servicing LLC | 939 W North Ave Ste 680 | Chicago IL 60642-1231 : (312) 780-0009 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | Creditor Classification | |
| 644000012* | | 03/26/2012 | $130,135 | $0 | 30Y | Monthly | | 2 | | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymt | Actual Payment Amount | Scheduled Paymt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 11/06/2016 | $0 | $0 | 11/2/2012 | $0 | $669 | 12/2012 | | 05/2016 | $0 | | $0 | |
| Status – Over 120 Days Past Due; Type of Account – Mortgage; Type of Loan – Conventional Re Mortgage; Whose Account – Individual Account;   ADDITIONAL INFORMATION – Foreclosure; Real Estate Mortgage; Fixed Rate; 120 Days Past Due; | | | | | | | | | | | | |
| Account History with Status Codes | 05/2016 4 | | | | | | | | | | | |

27. Despite receiving Plaintiff's online dispute, Equifax and Fay continued to report the subject loan with a "Scheduled Payment Amount" of $699.00 as of November 8, 2016, a "Status" of over 120 days past due, and a derogatory "Foreclosure" notation.

28. More notably, Equifax and Fay failed to report the Fay trade line as discharged in bankruptcy and failed to report that Plaintiff is disputing the reporting of the subject loan.

29. The reporting of the Fay trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still personally responsible for, delinquent, and obligated to pay a scheduled monthly payment on the subject loan. However, Plaintiff is no longer personally liable on the subject loan by virtue of her bankruptcy discharge.

---

[2] Plaintiff's Dispute Confirmation Number for her October 16, 2016 online dispute is 6290016222.

### c. Plaintiff's Dispute Letters to Equifax and TransUnion[3]

30. On January 27, 2017, Plaintiff sent a written credit dispute letter to Equifax and TransUnion requesting them to report the subject loan with a $0 monthly payment amount and no derogatory statuses or notations. Plaintiff attached her bankruptcy discharge order to her dispute letters.

31. Among other things, Plaintiff's dispute letter stated the following:

   a. "After reviewing my credit report I found these inaccuracies I would like to dispute;"
   b. "You should be reporting a balance of "0", past due amount of "0", monthly payment amount of "0", payment history, and status of all "0";"
   c. "Please review this account which is reporting incorrectly: Fayfinancial MTG Acct # 644000012**** opened date March 26, 2012, monthly payment amount, payment status, worst payment status, and remarks;" and
   d. "You are using an unreliable source for your information."

32. Plaintiff sent her dispute letters to Equifax and TransUnion via certified mail.

33. Upon information and belief, Fay received notice of Plaintiff's dispute letters and all relevant bankruptcy information from Equifax and TransUnion within five days of Equifax and TransUnion receiving Plaintiff's dispute letters. *See* 15 U.S. Code §1681i(a)(2).

### d. Equifax's Failure to Correct Inaccurate Reporting

34. On March 3, 2017, Equifax responded to Plaintiff's dispute letter by again failing to properly reinvestigate Plaintiff's dispute. Equifax's response stated that the creditor [Fay] has verified to Equifax that it is reporting the Fay trade line accurately. However, Equifax and Fay failed to review and consider all of the relevant bankruptcy information submitted by Plaintiff to Equifax.

---

[3] Each of Plaintiff's dispute letters are identical.

35. The Equifax report revealed that the subject loan was still reporting as follows:

| FAY Servicing LLC | 939 W North Ave Ste 680 Chicago IL 60642-1231 : (312) 780-0009 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
| 644000012* | | 03/01/2012 | $130,135 | | 30 Years | Monthly | 2 | Paid and Closed | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 03/03/2017 | $0 | | 11/2012 | | $669 | 12/2012 | | | | | | | 10/2016 |
| Status - Over 120 Days Past Due; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Individual Account; ADDITIONAL INFORMATION - Closed or Paid Account/Zero Balance; Real Estate Mortgage; Fixed Rate; 180 Days or More Past Due; | | | | | | | | | |

36. Despite having actual knowledge of Plaintiff's bankruptcy and after receiving Plaintiff's detailed dispute letter, Equifax and Fay continued to report the subject loan with a "Scheduled Payment Amount" of $699.00 as of March 3, 2017, and a "Status" of over 120 days past due.

37. More notably, Equifax and Fay failed to report the Fay trade line as discharged in bankruptcy and failed to report that Plaintiff is disputing the reporting of the subject loan.

38. The reporting of the Fay trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still delinquent, and obligated to pay a monthly payment on the subject loan. However, Plaintiff is no longer personally liable on the subject loan by virtue of her bankruptcy discharge on November 12, 2014.

### e. TransUnion's Failure to Correct Inaccurate Reporting

39. On March 3, 2017, TransUnion responded to Plaintiff's dispute letter by failing to properly reinvestigate Plaintiff's dispute. TransUnion stated that it has verified the information as accurate and no change has been made regarding the Fay trade line. TransUnion failed to review and consider all of the relevant bankruptcy information submitted by Plaintiff to TransUnion.

40. The TransUnion report revealed that the subject loan was still reporting as follows:

### Adverse Accounts

**FAY FINANCIAL #644000012****** (939 W NORTH AVE, CHICAGO, IL 60642, (312) 780-0007)

| | | | |
|---|---|---|---|
| Date Opened: | 03/26/2012 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 05/02/2016 |
| Account Type: | Mortgage Account | Last Payment Made: | 11/01/2012 |
| Loan Type: | REAL ESTATE | High Balance: | $130,135 |

Pay Status: ›Account 120 Days Past Due Date‹
Terms: $669 per month, paid Monthly for 360 months
Date Closed: 05/02/2016
›Maximum Delinquency of 120 days in 05/2016‹

Remarks: ›FORECLOSURE COLLATERAL SOLD‹
Estimated month and year that this item will be removed: 11/2019

| | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | X | | X | | X | | X | | X | | X |

| | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | X | | X | | X | | X | | X | | X |

| | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | X | | X | | X | | X | | | X | | X |

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

41. Despite receiving Plaintiff's detailed dispute letter, TransUnion and Fay continued to report the subject loan with a delinquent pay status of "Account 120 Days Past Due Date," and a $669 monthly payment amount.

42. More notably, TransUnion and Fay failed to report the Fay trade line as discharged in bankruptcy and failed to report that Plaintiff is disputing the reporting of the subject loan.

43. The reporting of the Fay trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still delinquent, and obligated to pay a monthly payment on the subject loan. However, Plaintiff is no longer personally liable on the subject loan by virtue of her bankruptcy discharge on November 12, 2014.

### IMPACT OF CONTINUING
### INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

44. As of today, Equifax and TransUnion's erroneous reporting of the Fay account continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion and Fay have yet to update the Fay's trade line to accurately reflect the discharged status of the subject loan.

45. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her

creditworthiness, credit standing, credit capacity, and her ability to move forward after her bankruptcy discharge.

46. The inaccurate and incomplete reporting of subject loan continues to have significant adverse effects on Plaintiff's credit rating and affects her ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loan and is still obligated to pay on the subject loan, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

47. On April 17, 2017, in an effort to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a FICO 3-Bureau Credit Report for $59.85.

48. The FICO 3-Bureau Credit Report revealed that Fay, TransUnion, and Equifax were still inaccurately reporting the subject loan as delinquent, in default, and indicated that Plaintiff is still personally responsible for a scheduled monthly payment.   Moreover, Fay, TransUnion, and Equifax failed to report the subject loan as discharged in bankruptcy.

49. Plaintiff suffered monetary damages she otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loan after Plaintiff's disputes.

50. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

51. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Fay trade line.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST FAY)

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

54. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

55. Fay is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

56. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

57. Fay violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Equifax and Plaintiff.

58. Fay violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, especially Plaintiff's discharge order, provided by TransUnion, Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

59. Had Fay reviewed the information provided by TransUnion, Equifax, and Plaintiff, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to TransUnion and Equifax. Instead, Fay wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

60. Fay violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion and Equifax.

61. Fay violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion and Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject loan.

62. Fay violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

63. Fay failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion and Equifax under 15 U.S.C. §1681i(a)(1).

64. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Fay did not correct the errors or the trade line to report accurately and completely. Instead, Fay wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's disputes to one or more third parties.

65. Moreover, Fay failed to report the subject loan as discharged in bankruptcy.

66. A reasonable investigation by Fay would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

67. Had Fay taken steps to investigate Plaintiff's valid disputes or TransUnion and Equifax's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support her valid disputes in her requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

68. By deviating from the standards established by the mortgage servicing industry and the FCRA, Fay acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion and Equifax.

**WHEREFORE,** Plaintiff MARLECIA Y. HORAM respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

a. An order directing that Fay immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TransUnion)

69. Plaintiff restate and realleges paragraphs 1 through 51 as though fully set forth herein.

70. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

71. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

72. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

73. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

74. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

75. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

76. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

77. Plaintiff provided TransUnion with all relevant information and documentation in her request for investigation and reinvestigation to reflect her bankruptcy discharge and that she is no longer personally liable for the subject loan.

78. TransUnion prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a delinquent pay status of "120 Days Past Due Date," and a "Monthly Payment" amount when in fact Plaintiff had received a bankruptcy discharge, and was no longer delinquent nor obligated to pay on the subject loan.

79. TransUnion prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

80. Moreover, TransUnion failed to report the Fay trade line as discharged in bankruptcy.

81. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

82. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

83. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

84. Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan and other debts were discharged in Plaintiff's bankruptcy on November 12, 2014.

85. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Fay. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Fay regarding Plaintiff's dispute that TransUnion received from Plaintiff.

86. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject loan.

87. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

88. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Fay that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

89. TransUnion violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan. TransUnion is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

90. After Plaintiff's written detailed dispute, TransUnion had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

91. TransUnion knew that the inaccurate reporting of the subject loan in Plaintiff's credit files under the Fay trade line as delinquent, after her bankruptcy discharge, would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

92. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

93. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

94. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

95. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

96. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately and completely.

97. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent on the subject loan after Plaintiff was discharged in bankruptcy.

98. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

99. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff MARLECIA Y. HORAM respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

100. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

101. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

102. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

103. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

104. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

105. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

106. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

107. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

108. Plaintiff provided Equifax with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject loan.

109. Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a scheduled payment amount

greater than $0, when in fact Plaintiff had received a bankruptcy discharge, and had no obligation to make monthly payments on the subject loan.

110. Equifax prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

111. Moreover, Equifax failed to report the Fay trade line as discharged in bankruptcy.

112. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed and was discharged in bankruptcy and was no longer liable on the subject loan.

113. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared a patently false, incomplete, and a materially misleading consumer report concerning Plaintiff.

114. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

115. Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that subject loan was discharged in Plaintiff's bankruptcy on November 12, 2014.

116. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Fay. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Fay regarding Plaintiff's disputes that Equifax received from Plaintiff.

117. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Fay with regard to the subject loan.

118. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

119. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Fay that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

120. Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan. Equifax is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

121. After Plaintiff's written detailed dispute, Equifax had specific information related to Plaintiff's bankruptcy case and subsequent discharge, which included the subject loan.

122. Equifax knew that the inaccurate designation of the subject loan on Plaintiff's consumer reports under the Fay trade line as delinquent with a scheduled payment amount owed after her bankruptcy discharge would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

123. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

124. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

125. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

126. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer file and reporting Plaintiff's credit information.

127. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

128. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff MARLECIA Y. HORAM respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Equifax to delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST FAY)

129. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

130. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

131. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

132. Fay qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail, credit reporting, and/or the telephones to collect or attempt to collect delinquent consumer accounts.

133. Fay qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

134. Fay's communications to Plaintiff were made in connection with a collection of the subject debt.

135. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

136. Fay violated 15 U.S.C. §§1692e(8) through its debt collection efforts on a debt discharged in bankruptcy.

### a. Violations of FDCPA § 1692e

137. Fay violated §1692e(8) by communicating false credit information to Equifax and Transunion that it knew, or should have known, to be false by inaccurately reporting a scheduled payment amount, and derogatory notations and statuses. This information was inaccurate and

misleading because the subject loan was discharged and therefore Plaintiff had no further obligations to Fay upon entry of her discharge.

138. 15 U.S.C. §1692e(8) also requires a debt collector to disclose the fact that a debt is disputed.

139. Fay violated §1692e(8) when it failed to designate its trade line as disputed after receiving notice of Plaintiff's dispute from Plaintiff, Equifax and Transunion.

140. Fay had actual knowledge that the subject debt was disputed because it received notices of Plaintiff's dispute from Plaintiff, Equifax, and Transunion. Fay also had actual knowledge of Plaintiff's bankruptcy discharge when it on-boarded the subject loan from its predecessor Chase nearly two years after Plaintiff's bankruptcy discharge.[4]

141. Fay attempted to dragoon and induce the Plaintiff into paying a debt that was not legally owed.

142. As an experienced creditor and debt collector, Fay knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

143. Fay knew or should have known that Plaintiff's discharged debt was uncollectable as a matter of law.

144. Upon information and belief, Fay has no system in place to identify and cease collection of debts discharged in bankruptcy.

145. Concerned about the violations of her rights and protections afforded by her bankruptcy filing and subsequent discharge, Plaintiff sought the assistance of counsel to ensure that Fay's collection efforts finally cease.

---

[4] Upon information and belief, Fay's loan boarding department reviewed Chase's records at the time of the transfer of servicing rights for any discrepancies, including the fact that Plaintiff had filed and was subsequently discharged in bankruptcy. Fay regularly maintains such records in the course of its regularly conducted business.

**WHEREFORE**, Plaintiff MARLECIA Y. HORAM respectfully prays this Honorable Court for the following relief:

 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

 b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

 c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

 d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: April 27, 2017        **Respectfully Submitted,**

            /s/ Majdi Y. Hijazin

            Majdi Y. Hijazin, *Of Counsel*
            *Counsel for Plaintiff*
            Sulaiman Law Group, Ltd.
            900 Jorie Blvd, Suite 150
            Oak Brook, IL 60523
            Phone : (630) 575-8181
            Fax: (630) 575-8188
            mhijazin@hijazinlaw.com